IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 20-10038-JWB

ROGER MOSS,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for reconsideration. (Doc. 221.) On June 10, 2026, this court entered an order denying Defendant's § 2255 motion and his supplemental § 2255 motion. (Doc. 214.) In doing so, the court addressed seventeen claims raised by Defendant and denied a certificate of appealability. Defendant filed a notice of appeal. (Doc. 217.) After doing so, Defendant moved for reconsideration. (Doc. 221.) The Tenth Circuit has now abated the appeal pending the court's ruling on Defendant's motion for reconsideration. (Doc. 223.) The court has considered Defendant's motion, the supplement (Doc. 224), the government's response in opposition (Doc. 225), and the reply brief (Doc. 226). Defendant's motion for reconsideration (Doc. 221) is DENIED for the reasons herein.

In his motion, Defendant seeks reconsideration based on the Supreme Court's decision in *United States v. Hemani*, 146 S. Ct. 1677 (2026). In that case, the defendant was prosecuted for a violation of 18 U.S.C. § 922(g)(3), which prohibits individuals who are unlawful users of any controlled substance from possessing a firearm or ammunition. The defendant typically used marijuana a few times a week and kept a gun in his home. The defendant asserted that the statute was unconstitutionally vague as applied to him. The Court held that the Second Amendment prohibited prosecution of the defendant; however, the Court indicated that its holding was a narrow

one in that it did not "address efforts to ban addicts . . . or those presently intoxicated, from possessing a firearm" nor did the court "address whether the government could bring a prosecution under § 922(g)(3) accompanied by individualized proof that the defendant's use of marijuana (or any other drug) renders him a danger to himself or others." *Hemani*, 146 S. Ct. at 1693.

Defendant now moves for reconsideration of this court's prior order on the basis that *Hemani* provides him with relief. Defendant argues that his conviction under § 922(g)(3) is unconstitutional as applied to him because the government did not prove that he was intoxicated at the time he possessed the firearm. Further, Defendant argues that his § 924(c) conviction must be vacated because it rests on the unconstitutional predicate of the § 922(g)(3) charge. Defendant also argues that his § 841 counts were intertwined with his status as a drug user and that the jury was improperly influenced by this status. He argues that the *Hemani* decision requires the court to vacate his convictions. The court disagrees.

Notably, the Tenth Circuit considered Defendant's as applied argument as to § 922(g)(3) on appeal. The court of appeals held that § 922(g)(3)'s "phrase 'unlawful user of . . . any controlled substance' is clear in its application to Defendant's conduct. The facts presented at trial, coupled with the reasonable inferences the jury was entitled to draw from those facts, support the conclusion that Defendant was an 'unlawful user' of illegal drugs, one whose use was 'regular and ongoing' while in possession of a firearm." *United States v. Moss*, No. 22-3101, 2024 WL 4541738, at *4 (10th Cir. Oct. 22, 2024), *cert. denied*, 145 S. Ct. 1461 (2025). Notably, unlike *Hemani*, the circumstantial evidence did not show that he was a mere user of marijuana. Rather, Defendant's home contained substantial amounts of drugs, including cocaine, methamphetamine in crystal and pill form, heroin, fentanyl, and marijuana. *Id.* Additionally, there was a used crack pipe and a firearm underneath the bed, methamphetamine pills in a suit jacket pocket, two crack

pipes on the counter, and baggies on Defendant's checkbook that contained fentanyl pills. *Id.* All of this evidence supported a determination by the Tenth Circuit that Defendant's "drug use was regular and ongoing at the time he possessed firearms." *Id.* The court of appeals rejected Defendant's as-applied challenge to his conviction.

Now, Defendant asks this court to essentially overrule that decision in light of *Hemani*. The court declines to do so. *Hemani* involved an as-applied challenge to the statute with facts that were starkly different than the facts in this case. Further, the *Hemani* court held that the ruling was a narrow one. This court is bound by the Tenth Circuit's holding which found that the statute was not unconstitutionally vague as applied to Defendant. Therefore, the court denies Defendant's motion to reconsider its ruling denying Defendant's § 2255 claim in light of *Hemani*. Defendant's remaining arguments—that his other convictions should also be set aside because of the unlawful § 922(g)(3) charge—are moot as a result of the court's ruling.[1]

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court GRANTS a limited certificate of appealability to Defendant as to whether his conviction under § 922(g)(3) should be vacated in light of *Hemani.* The court concludes Defendant has failed to make such a showing as to all remaining issues and accordingly a certificate of appealability is DENIED as to the remaining claims. IT IS SO ORDERED. Dated this 16th day of October, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

[1] Even if *Hemani* required vacatur of this conviction, Defendant's arguments that his other convictions were somehow tainted by or predicated on his conviction under § 922(g)(3) and should therefore be set aside lack merit for the reasons set forth by the government.